IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 11-31486-H1-13 |
| NASH HANKS         DEBTOR(S) | § § § § | |
| NASH HANKS         MOVANT(S) | § § § | |
| V. | § | |
| UNIFUND CCR PARTNERS | § § | |
|         RESPONDENT(S) | § | |

## MOTION TO AVOID LIEN IMPAIRING EXEMPTION-JUDICIAL LIEN

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AND EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDENCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

TO THE HONORABLE JUDGE OF SAID COURT:

   **COMES NOW, NASH HANKS,** Movant(s) and file this his Motion to Avoid Lien against **UNIFUND CCR PARTNERS** and for cause would show the following:

I.

This is a motion under 11 USC § 522 (f)(1) to avoid lien upon property owned by the Movant specifically all non-exempt property of Defendant that is in the actual or contractive possession or contractual of Movant.

II.

This Court has jurisdiction of the matter pursuant to USC § 522(f) and Bankruptcy Rule 4003 (d).

III.

Movant filed his voluntary petition for Bankruptcy under Chapter 13 of the Bankruptcy Code on February 22, 2011.

IV.

All property owned by Movant at the time of filing has been exempted and is presently held primarily for personal, family, and household use.

V.

Pursuant to 11 USC § 522(b) and 522(d)(1), 522(d)(2), 522(d)(3), 522(d)(4) and 522(d)(5), Movant has claimed all property as exempt in the amount of $2,982.64 and no objection to such claim having been made, all property owned by the debtor is exempted under 11 USC §522 (1).

VI.

On July 11, 2006, the County Court at Law No. 1 in Harris County, Texas Cause No. 857037, entered a judgment against Defendant for $18,668.43, along with attorney's fees of $4,667.11 and pre-judgment interest at 28.4% per annum on the principal and post judgment interest at 8 % per annum on the principal and 8% per annum on attorney fees totaling $23,335.54 in favor of the respondent and against the Movant in a civil action entitled *UNIFUND CCR PARTNERS vs. NASH HANKS.* Such judgment was duly recorded as a lien against the property of the Movant. A copy of such judgment is attached hereto, marked "Exhibit A".

VII.

The aforesaid judgment was duly listed on the Movant's schedules as a debt in the above-captioned case.

VIII.

The respondents aforesaid lien upon Movant's property that is exempted pursuant to § 522 (b) and 522 (d)(1)(2)(3)(4)(5) is a judicial lien within the purviews of 11 USC § 522(f)(1) and impairs Movant's aforesaid exemptions within the meaning of 522(f).

**WHEREFORE, PREMISES CONSIDERED**, Movant moves that the court issue an order avoiding and cancelling the respondent's aforesaid lien on Movant's property exempted under Section 522(b) and 522(d)(1)(2)(3)(4)(5) and granting such other and further relief as the Court may deem to be just and property to protect Movant's right to a fresh start.

Date: April 5, 2011

/s/ Alva Wesley-Thomas
ALVA WESLEY-THOMAS
ATTORNEY FOR DEBTOR
SBN: 19842050
6161 SAVOY, SUITE 250
HOUSTON, TX 77036
(713) 278-0800
(713) 278-0490 – FAX

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day April 2011, a true and correct copy of the foregoing Motion to Avoid Lien, was sent US regular Mail and/or electronic service to, Unifund CCR Partners c/o Law Offices of Regent & Associates, 2650 Fountainview Dr., Ste. 233, Houston, TX 77057, to US Trustee, 515 Rusk, Ste. 3516, Houston, TX 77002, and to David G. Peake, Chapter 13 Trustee, 9660 Hillcroft, Ste. 430, Houston, TX 77096.

/s/ Alva Wesley-Thomas
Alva Wesley-Thomas